UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EZAKI GLICO KABUSHIKI KAISHA
dba EZAKI GLICO, a Japanese corporation,

        Plaintiff,

  v.

LOTTE U.S.A., INC., a Michigan corporation,

        Defendant.

Case No.: _____

Judge _____

**COMPLAINT**

**Jury Trial Demanded**

_____/

    Ezaki Glico Kabushiki Kaisha dba Ezaki Glico ("Ezaki Glico") brings this action against defendant Lotte U.S.A., Inc. ("Lotte" or "Defendant"), and alleges as follows:

## THE PARTIES

    1.    Ezaki Glico is a corporation organized under the laws of Japan with its principal place of business in Osaka, Japan.

    2.    On information and belief, Defendant is a Michigan corporation with headquarters at 5243 Wayne Road, Battle Creek, Michigan 49037.

    3.    Defendant's registered agent of record is Hirohide Hirasawa of 5243 Wayne Road, Battle Creek, Michigan 49037.

## JURISDICTION AND VENUE

    4.    This is an action for trademark infringement arising under the provisions of the Trademark Laws of the United States of America, Title 15 of the United States Code.

5. Subject-matter jurisdiction over Ezaki Glico's claims is conferred upon this Court by 15 U.S.C. §§ 1119 and 1121(a), and 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to the personal jurisdiction of this Court because Defendant is a resident of this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2).

## GENERAL ALLEGATIONS

8. Beginning at least as early as 1966, Ezaki Glico has marketed and sold biscuit sticks coated in chocolate, cream, and/or almond pieces under the brand name "POCKY" in Japan.

9. Ezaki Glico began marketing and selling its POCKY products in the United States at least as early as August 1978.

10. Ezaki Glico's POCKY products generate sales totaling more than $15,000,000 per year in the United States, and are sold nationwide in specialty Asian food stores as well as national retail stores including, but not limited to, Walmart, Target, and Costco, as well as online retailers such as Amazon.com.

11. Ezaki Glico is the owner of the following relevant product configuration trademarks (collectively, "the Ezaki Glico Marks") which have been registered with the United States Patent and Trademark Office as follows:

| REG. NO. | MARK | GOODS AND SERVICES |
|---|---|---|
| 1,527,208 | (image of chocolate covered candy stick) | Chocolate covered candy stick (in International Class 030) (registered on February 28, 1989) |

| | | |
|---|---|---|
| 1,986,404 | | Biscuit in the form of a stick, covered with chocolate or cream and almonds (in International Class 030) (registered on July 9, 1996) |
| 2,615,119 | | Biscuit stick partially covered with chocolate or cream in which are mixed crushed pieces of almond (in International Class 030) (registered on September 3, 2002) |
| 3,428,859 | | Biscuit stick partially covered with chocolate or cream containing mixed crushed pieces of almond (in International Class 030) (registered on May 13, 2008) |

12. True and correct copies of printouts from the United States Patent and Trademark Office TESS database evidencing the federal registrations of the Ezaki Glico Marks are attached to here as Exhibits 1-4, respectively.

13. The Ezaki Glico marks have been in continuous use in interstate commerce since the listed date of first use in commerce of each federal registration.

14. All of the federal registrations for the Ezaki Glico Marks are in full force and effect and are incontestable.

15. The federal registrations for the Ezaki Glico Marks constitute constructive notice to Defendant of Ezaki Glico's ownership of the Ezaki Glico Marks in connection with goods and services identified in the registrations.

16. As a result of Ezaki Glico's continuous use of the Ezaki Glico Marks, the Ezaki Glico Marks have become assets of substantial value to Ezaki Glico as distinctive indicators of the origin and quality of Ezaki Glico's products.

17. By its continuous use of the Ezaki Glico Marks, Ezaki Glico has developed significant and valuable goodwill in eyes of the consuming public.

18. Defendant has adopted and is using the identical product designs on its chocolate-covered biscuit stick products (marketed under the brand name "Pepero") which are sold in various locales in the United States at specialty Korean food stores, and more recently, at larger retail chains such as Ralph's in California, as well as online through retailers such as Amazon.com.

19. The copied designs used by Defendant in its Pepero product are as follows:

Original Pepero



Almond Pepero



20. Defendant's product design is identical to, and confusingly similar to, the Ezaki Glico Marks.

21. Defendant's product designs are likely to create a likelihood of confusion as to the source, sponsorship, authorization, or affiliation of Defendant's products and services with Ezaki Glico due to the identical nature of the designs as well as the identical nature of the goods.

22. Upon information and belief, Defendant had actual knowledge of the Ezaki Glico's exclusive rights in the Ezaki Glico Marks and persisted in its infringement notwithstanding said knowledge.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement in Violation of the Lanham Act
### 15 U.S.C. §§ 1114

23. Ezaki Glico incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

24. Defendant's unauthorized use of the Ezaki Glico Marks, or colorable imitations thereof, is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114.

25. Defendant's use of the Ezaki Glico Marks, or colorable imitations thereof, has caused and is causing irreparable injury to Ezaki Glico, and Ezaki Glico has no adequate remedy at law for the damage to its reputation and goodwill. Ezaki Glico will continue to be irreparably damaged unless Defendant is permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

26. Defendant's aforesaid conduct constitutes infringement of federally registered trademarks of Trademark Registration Nos. 1,527,208; 1,986,404; 2,615,119; and 3,428,859, and each of them, in violation of 15 U.S.C. § 1114et seq.

27. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Ezaki Glico is entitled to recover Defendant's profits and any damages Ezaki Glico has sustained, in an amount to be assessed by the Court.

## SECOND CLAIM FOR RELIEF.
### Federal Unfair Competition/False Designation of Origin in Violation of the Lanham Act
### 15 U.S.C. § 1125(a)

28. Ezaki Glico incorporates by reference the preceding paragraphs 1 to 22 as if specifically set forth herein.

29. Defendant has used the Ezaki Glico Marks in interstate commerce to falsely represent, describe, and designate the origin of its products and services in a manner that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, and association of Defendant with Ezaki Glico, and the origin, sponsorship, endorsement, or approval of defendant's products and services in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

30. Ezaki Glico believes that it is or is likely to be damaged by the acts of Defendant described above.

31. Defendant's use of the Ezaki Glico Marks, or colorable imitations thereof, has caused and is causing irreparable injury to Ezaki Glico, and Ezaki Glico has no adequate remedy at law for the damage to its reputation and goodwill. Ezaki Glico will continue to be irreparably damaged unless Defendant is permanently enjoined from its infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

32. Defendants' aforesaid conduct constitutes federal unfair competition, false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) in violation of Ezaki Glico's exclusive rights in its Ezaki Glico Marks.

33. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Ezaki Glico is entitled to recover Defendant's profits and any damages Ezaki Glico has sustained, in an amount to be assessed by the Court.

## THIRD CLAIM FOR RELIEF
### Common Law Unfair Competition

34. Ezaki Glico incorporates by reference the preceding paragraphs 1 to 22 as if specifically set forth herein.

35. Defendant's business activity including Defendant's use of the Ezaki Glico Marks, or colorable imitations thereof, is likely to cause confusion, mistake, and deception, and constitutes unfair competition under the common law of Michigan.

36. Unless enjoined by this Court, Defendant will continue its unlawful use of the Ezaki Glico Marks, or colorable imitations thereof. Defendant's unlawful use has and will continue to cause irreparable harm to Ezaki Glico for which Ezaki Glico has no adequate remedy at law.

37. As a result of Defendant's acts, Ezaki Glico is entitled to damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

38. Ezaki Glico incorporates by reference the preceding paragraphs 1 to 22 as if specifically set forth herein.

39. Defendant's unauthorized use of the Ezaki Glico Marks, or colorable imitations thereof, as alleged is likely to cause confusion, mistake, or deception, and constitutes trademark infringement under the common law of Michigan.

40. Unless enjoined by this Court, Defendant will continue its unlawful use of the Ezaki Glico Marks, or colorable imitations thereof. Defendant's unlawful use has and will continue to cause irreparable harm to Ezaki Glico for which Ezaki Glico has no adequate remedy at law.

41. As a result of Defendant's acts, Ezaki Glico is entitled to damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Violation of Michigan Consumer Protection Act, MCL § 445.903

42. Ezaki Glico incorporates by reference the preceding paragraphs 1 to 22 as if specifically set forth herein.

43. Ezaki Glico is a "person" as defined in Michigan Compiled Law § 445.902(d).

44. Defendant is engaged in trade or commerce.

45. Defendant's conduct as described herein constitutes unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce under MCL § 445.903.

46. Defendant is liable to Ezaki Glico for its violations of the Michigan Consumer Protection Act.

47. Ezaki Glico has been injured in its business by Defendant's conduct, and such injury is irreparable.

48. Ezaki Glico has no adequate remedy at law. Unless Defendant is enjoined from continuing its infringing conduct, the irreparable damage to Ezaki Glico will continue.

49. Defendants' aforesaid conduct constitutes violation of the Michigan Consumer Protection Act MCL § 445.901 et seq.

50. As a result of Defendant's acts, Ezaki Glico is entitled to its actual damages or $250, whichever is greater, together with its reasonable attorneys' fees, as set forth in MCL § 445.911(2).

## PRAYER FOR RELIEF

Wherefore, Ezaki Glico requests entry of a judgment providing relief as follows:

A. That Defendant is liable to Ezaki Glico for trademark infringement in violation of 15 U.S.C. § 1114;

B. That Defendant is liable to Ezaki Glico for unfair competition/false designation of origin in violation of 15 U.S.C. § 1125(a);

C. That Defendant is liable to Ezaki Glico for unfair competition in violation of the common law of the State of Michigan;

    D.    That Defendant is liable to Ezaki Glico for trademark infringement in violation of the common law of the State of Michigan;

    E.    That Defendant is liable to Ezaki Glico for violation of the Michigan Consumer Protection Act;

    F.    Entry of a permanent injunction, including injunction pursuant to 15 U.S.C. § 1114 and 15 U.S.C. § 1116, enjoining Defendant, its officers, agents, servants, employees and those persons in active concert or participation with it from further acts of trademark infringement, unfair competition, or false designation of origin;

    G.    An award to Ezaki Glico of (1) Defendant's profits, (2) actual damages sustained by Ezaki Glico, and (3) the costs of this action;

    H.    An award of a sum above the amount found as actual damages, not exceeding three times such amount;

    I.    An award of Ezaki Glico's reasonable attorneys' fees;

    J.    An order that Ezaki Glico be granted pre-judgment and post-judgment interest on the judgment awarded by the Court;

    K.    That within thirty days after the service on Defendant of any injunction entered by this Court, Defendant file with the Court and serve on Ezaki Glico a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; and

    L.    Any other relief that the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Ezaki Glico demands trial by jury on all claims and issues so triable.

Respectfully submitted.

Dated: November 11, 2014          GARDNER, LINN, BURKHART AND FLORY, LLP

By:  /s/ Terence J. Linn
Terence J. Linn (P33449)
Karl T. Ondersma (P-68028)
Gardner, Linn, Burkhart & Flory, LLP
2851 Charlevoix Drive SE, Ste 207
Grand Rapids, MI 49546
linn@glbf.com
ondersma@glbf.com
(616) 975-5500

Attorneys for Plaintiff,
EZAKI GLICO KABUSHIKI KAISHA DBA EZAKI GLICO

**Of Counsel**

Thomas R. Vuksinick.
*tvuksinick@wnlaw.com*
    (Application for Admission Forthcoming)
Adrian J. Lee.
*alee@wnlaw.com*
    (Application for Admission Forthcoming)
Matthew A. Barlow
*mbarlow@wnlaw.com*
(Application for Admission Forthcoming)
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707